FILED
Jeffrey A. Apperson, Clerk
JUN 22 2006
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:03CR-58-H

UNITED STATES OF AMERICA                                                                 PLAINTIFF

V.

URIAH MARXEN                                                                             DEFENDANT

## JURY INSTRUCTIONS

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to give you instructions regarding the law that you must follow in deciding this case.

It is your duty to decide whether the government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crimes charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy, prejudice, or bias for or against the Defendant or the government. Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth from the evidence presented and to apply that truth to the legal instructions I shall give you.

You must follow the law as I explain it to you whether you agree with the law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against the Defendant is not evidence of guilt. The

Defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the Defendant not guilty.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a real doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt, therefore, is proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the Defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

As I explained previously, you must decide what the facts are from the evidence that you saw and heard here in court. You may consider only the evidence that I have admitted in this case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which reason and common sense lead you to make. In saying that you must consider all the evidence, I do not mean that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness and the weight to be given to the testimony of each witness.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did he or she have any particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

You have heard testimony from Danielle Marxen. You have also heard that the government has promised her that she will receive a reduced sentence in exchange for her cooperation. It is permissible for the government to make such a promise. But you should consider her testimony with more caution than the testimony of other witnesses. Consider whether her testimony may have been influenced by the government's promise.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Remember, witnesses are not the property of either the Defendant or the government; they merely give testimony which you should consider. Concentrate on that, not the numbers.

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

Also, do not interpret my rulings or my questions as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case.

Each count of the indictment charges the Defendant with having committed a separate offense. Each count and the evidence relating to it must be considered separately, and a separate verdict must be returned as to each count. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the Defendant is guilty of that particular charge. Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to any other count.

## INSTRUCTION NO. 1

The Defendant is charged in ten separate counts. Counts 1, 3, 5, 7 and 9 of the indictment, charge the Defendant with violating federal law, by obstructing, affecting or delaying interstate commerce by robbery at the times and places described below. Counts 2, 4, 6, 8 and 10 of the indictment charge the Defendant with violating federal law by brandishing a firearm during or in relation to a crime of violence at the times and places described below.

**Count 1:** On or about July 23, 2002, the Defendant obtained or took property belonging to Billtown Liquors from persons employed by Billtown Liquors by robbery.

**Count 2:** On or about July 23, 2002, the Defendant knowingly brandished a firearm during or in relation to a robbery.

**Count 3:** On or about July 27, 2002, the Defendant obtained or took property belonging to Pizza Magia from persons employed by Pizza Magia by robbery.

**Count 4:** On or about July 27, 2002, the Defendant knowingly brandished a firearm during or in relation to a robbery.

**Count 5:** On or about August 1, 2002, the Defendant obtained or took property belonging to Big Foot Food Mart from persons employed by Big Foot Food Mart by robbery.

**Count 6:** On or about August 1, 2002, the Defendant knowingly brandished a firearm during or in relation to a robbery.

**Count 7:** On or about August 3, 2002, the Defendant obtained or took property

     belonging to Dairy Mart from persons employed by Dairy Mart by robbery.

**Count 8**: On or about August 3, 2002, the Defendant knowingly brandished a firearm during or in relation to a robbery.

**Count 9**: On or about August 12, 2002, the Defendant obtained or took property belonging to Movie Gallery, from persons employed by Movie Gallery by robbery.

**Count 10**: On or about August 12, 2002, the Defendant knowingly brandished a firearm during or in relation to a robbery.

Certain of the instructions that follow apply only to specific charges. You shall apply Instruction No. 2 only to Counts 1, 3, 5, 7 and 9. You shall apply Instruction No. 3 only to Counts 2, 4, 6, 8 and 10. Instruction No. 4 shall apply to all counts.

You should consider each count in Instruction No. 1 in numerical order, beginning with Count 1 and concluding with Count 10. However, should you find the Defendant not guilty of any odd numbered count (1, 3, 5, 7 or 9), you must also find the Defendant not guilty of the immediately following even numbered count. For example, if you find the Defendant not guilty on Count 1, you must also find the Defendant not guilty on Count 2. On the other hand, should you find the Defendant guilty on an odd numbered count, you are not required to find the Defendant guilty on the immediately following even numbered count as well. For example, if you find the Defendant guilty on Count 1, you are not required to find the Defendant guilty on Count 2, although you may do so. You should consider each even numbered count individually by applying the appropriate instructions as explained above.

## INSTRUCTION NO. 2

To find the Defendant guilty of the crime of robbery as charged in Counts 1, 3, 5, 7 and 9 of the indictment, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt as they apply to the conduct described in Instruction No. 1:

**First:**  The Defendant knowingly obtained property from another without that person's consent; **and**

**Second:**  The Defendant did so by means of actual or threatened force, violence or fear; **and**

**Third:**  As a result of the Defendant's actions, interstate commerce, or an item moving in interstate commerce, was delayed, obstructed or affected in any way or degree.

The term "property" includes money and other tangible and intangible things of value.

The term "fear" means an apprehension, concern or anxiety about physical violence or economic loss, whether immediate or future, that is reasonable under the circumstances.

The term "obstructs, delays, or affects commerce" means any action which, in any manner or to any degree, interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money or other property in commerce. The government is not required to prove that the Defendant knew that his conduct would interfere with or affect interstate commerce, or that the Defendant actually intended or anticipated an effect on interstate commerce by his actions or that commerce was actually affected. All that is necessary is that the Defendant intended to take certain actions–that is, he did the acts charged in the indictment in order to obtain

property–and you find those actions actually or potentially caused an effect on interstate commerce, then you may find the requirements of this element have been satisfied. The effect can be minimal.

You should apply these instructions to each odd numbered count individually. If you are convinced that the government has proved each and every one of these elements beyond a reasonable doubt as to a specific count, say so by returning a guilty verdict on that count. If you have a reasonable doubt about any one of these elements as to a specific count, then you must find the Defendant not guilty of that count.

## INSTRUCTION NO. 3

To find the Defendant guilty of the crime of brandishing a firearm during or in relation to a crime of violence, as charged in Counts 2, 4, 6, 8 and 10 of the indictment, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt as they apply to the conduct described in Instruction No. 1.

**First**:    The Defendant committed a robbery on the date stated in the applicable count (2, 4, 6, 8 or 10); **and**

**Second**:    The Defendant knowingly brandished a firearm; **and**

**Third**:    The brandishing of the firearm was during or in relation to a robbery on the date stated in the applicable count (2, 4, 6, 8 or 10).

To establish "brandishing," the government must prove that the Defendant displayed all or part of the firearm, or otherwise made the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm was directly visible to that person.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The firearm need not be loaded.

The term "during or in relation to" means that the firearm must have some purpose or effect with respect to the crime defined under Instruction No. 1; in other words, the firearm must facilitate or further, or have the potential of facilitating or furthering the crime defined under Instruction No. 1, and its presence or involvement cannot be the result of accident or coincidence.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

You should apply these instructions to each even numbered count individually. If you are convinced that the government has proved each and every one of these elements beyond a reasonable doubt as to a specific count, say so by returning a guilty verdict on that count. If you have a reasonable doubt about any one of these elements as to a specific count, then you must find the Defendant not guilty of that count.

## INSTRUCTION NO. 4

The following instruction concerns the argument that the Defendant was an aider and abettor. You should consider this instruction on each count, if appropriate.

For you to find the Defendant guilty of robbery or brandishing a firearm during or in relation to a crime of violence, it is not necessary for you to find that he personally committed the crime. You may also find him guilty if he intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor. But for you to find the Defendant guilty of robbery as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

**First:** The crime of robbery and/or the crime of brandishing a firearm during or in relation to a crime of violence was committed, **and**

**Second:** The Defendant helped to commit the crime; **and**

**Third:** The Defendant intended to help commit the crime.

Proof that the Defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough. What the government must prove is that the Defendant did something to help or encourage the crime with the intent that the crime be committed. With respect to the charge that the Defendant aided and abetted the crime of brandishing a firearm during the commission of a crime of violence, the government must prove that the Defendant knew others were armed and that he performed some act with the intent to assist or influence the commission of the underlying crime of violence.

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

To find the Defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. It is your duty as jurors to consult with one another, and to deliberate with a view toward reaching agreement, if you can do so without violence to individual judgment. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.

You must decide the case for yourself, but only after an impartial consideration of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember, you are the judges of the facts. Your only interest is to seek the truth from the evidence in the case.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

If you decide that the government has proved the Defendant guilty, then it will be my job

to decide what the appropriate punishment should be. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict. Your job is to look at the evidence and decide if the government has proved the Defendant guilty beyond a reasonable doubt.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

A Verdict Form has been prepared for your convenience. You will take this form to the jury room and, if and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the forms which sets forth the verdict. You will then return with your verdict to the courtroom.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:03CR-58-H

UNITED STATES OF AMERICA                                              PLAINTIFF

V.

URIAH MARXEN                                                          DEFENDANT

**VERDICT FORM**

We, the jury, find the Defendant, Uriah Marxen,

On Count 1    _____        _____
              Guilty                     Not Guilty

On Count 2    _____        _____
              Guilty                     Not Guilty

On Count 3    _____        _____
              Guilty                     Not Guilty

On Count 4    _____        _____
              Guilty                     Not Guilty

On Count 5    _____        _____
              Guilty                     Not Guilty

On Count 6    _____        _____
              Guilty                     Not Guilty

On Count 7    _____        _____
              Guilty                     Not Guilty

On Count 8          _____            _____
                    Guilty                    Not Guilty

On Count 9          _____            _____
                    Guilty                    Not Guilty

On Count 10         _____            _____
                    Guilty                    Not Guilty


                                              _____
                                              FOREPERSON

                                              Date: _____