UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:03CR-58-H

UNITED STATES OF AMERICA

PLAINTIFF

V.

URIAH MARXEN                                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Just prior to commencement of trial, Defendant, Uriah Marxen ("Marxen"), moved to dismiss the Second Superseding Indictment in its entirety for failing to provide a plain, concise and definite written statement of the essential facts constituting the offense charged.  Fed. R. Crim. P. 7(c)(1).[1]  The Court has discussed the motion with counsel and concludes that the Second Superceding Indictment should not be dismissed.

In the Indictment, Marxen is charged with five counts of extortion by robbery and five counts of using or carrying a firearm during and in relation to the robberies alleged in the other five counts.  The defects, forming the basis of Marxen's motion, occur in Counts 4, 6, 8 and 10 of the Indictment, which allege violations of 18 U.S.C. § 924(c).  The same error occurs in each of those four counts.  Each of the four counts states a date of the alleged offense corresponding to the date of a robbery and then tracks the statutory language stating that Marxen and his sister

---

[1] Mr. Marxen also moves to dismiss the indictment because it fails to accurately describe the potential penalties for the offenses alleged.  However, the Court is not aware of any authority stating that a miscalculation of the maximum sentence in an indictment is grounds for dismissal of that indictment.

"knowingly used, carried and brandished a firearm during and in relation to a crime of violence

for which they may be prosecuted in a court of the United States, that is: robbery . . .."  Then,

each count attempts to describe "robbery" by reference to a separate count.  The problem is that

the counts to which they refer to do not describe robberies.  Instead, the counts referenced

actually allege violations of 924(c).

To be sufficient, an indictment must: (1) state all the elements of the crime charged,

generally by tracking the statutory language of the offense; (2) fairly apprise the defendant of the

nature of the charges so that he may prepare a defense; and (3) allow the defendant to plead the

judgment as to a bar to any future prosecutions.[2]  See Fed. R. Crim. P. 7(c)(1) ("The indictment

or information must be a plain, concise, and definite written statement of the essential facts

constituting the offense charged . . ..");  *Valentine v. Konteh*, 395 F.3d 626, 631 (6th Cir. 2005)

(citing *Russell v. United States*, 369 U.S. 749 (1962)).

The Sixth Circuit has stated that, "[a]n indictment is usually sufficient if it states the

offense using the words of the statute itself, as long as the statute fully and unambiguously states

all the elements of the offense." *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir.2001)

(citations omitted).  The Supreme Court has cautioned, however, that while "the language of the

statute may be used in the general description of the offense, . . .  it must be accompanied with

such a statement of the facts and circumstances as will inform the accused of the specific

offense, coming under the general description, with which he is charged."  *Hamling v. United*

*States*, 418 U.S. 87, 117-18 (1974) (internal quotation marks and citation omitted).

---

[2]  The third stated requirement does not appear to add anything not already implicit in the notice
requirement.  It has long been the rule that the entire record of the proceedings, and not the indictment or information
alone, may be referred to if there is a claim that a subsequent prosecution constitutes double jeopardy.  *Russell v.
United States*, 369 U.S. 749 (1962).

An indictment is interpreted in a " 'common sense construction' " rather than in a hyper-technical manner. *United States v. Maney*, 226 F.3d 660, 663 (6th Cir.2000) (quoting *Allen v. United States*, 867 F.2d 969, 971 (6th Cir.1989)); *see also United States v. Ramsey*, 406 F.3d 426, 430 (7th Cir. 2005) ("not explicitly including all the elements of the offense in an indictment is not fatal so long as the absent elements can be deduced from the language that is actually included in the charging document").

In this case, absent the misleading citations, Counts 4, 6, 8 and 10 of the indictment accurately set forth the elements of 18 U.S.C. § 924(c). To prove a violation of 18 U.S.C. § 924(c), the government must show that the defendant: (1) used a firearm; (2) committed all the acts necessary to be subject to punishment for a crime of violence (here, robbery); and (3) used the gun during and in relation to the crime of violence. *United States v. Rodriguez-Moreno*, 526 U.S. 275, 280 (1999). Tracking the same language, each of the counts at issue alleges that Marxen and his sister, Danielle Marxen, "aided and abetted by each other . . . knowingly used, carried, and brandished a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is: robbery . . .." Accordingly, each of the counts contains within it all the essential elements of the charged offense.

The only question then is whether Counts 4, 6, 8 and 10 when read in their entirety fairly apprise Marxen of the nature of the charges so that he may prepare a defense. The counts at issue misstate the true allegations in the case. They allege that Marxen used a firearm during and in relation to a robbery and then they allege that the "robbery" is described in preceding that actually describe violations of 924(c). Generally, allegations made in one count may be incorporated by reference in other counts. However, each count is considered as if it were a

3

separate indictment, and must be sufficient without reference to other counts unless they are expressly incorporated by reference.  *United States v. Roberts*, 465 F.2d 1373 (6th Cir. 1972). The problem here is that the robbery counts which actually form the predicate for the 924(c) counts are not expressly incorporated in the 924(c) counts.

This situation does raise two concerns.  First, there is a risk that Marxen has not been fairly informed as to the charges against him.[3]  The counts at issue do not provide any specific allegations as to the nature of the predicate robberies or their locations.  Second, there is a risk that Marxen may be convicted  "on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him."  *Russell v. United States*, 369 U.S. 749, 770 (1962).  Here, the Grand Jury may have found that Marxen used a firearm during and in relation to the commission of the 924(c) offenses alleged in Counts 2, 4, 6 and 8.

However, the sufficiency of an indictment should be determined on the basis of practical rather than technical considerations.  As the Sixth Circuit stated in *Allen v. United States*, courts utilize a common sense construction in determining whether an indictment sufficiently informs a defendant of an offense.  867 F.2d 969, 971 (6th Cir. 1989).  Here, although Counts 4, 6, 8 and 10 fail to include specific allegations describing the predicate robberies, a common-sense reading gives Marxen fair notice of the charges against him.  The counts at issue allege that Marxen carried or used a firearm during the commission of a robbery, which is precisely the offenses for which he is being tried.  They also allege that the predicate robberies at issue

---

[3]  This risk seems attenuated by the fact that the case has been ongoing for four years.  However, case law suggests that the prosecution cannot cure defects in an indictment by providing notice subsequent to the indictment. *United States v. Sturman*, 951 F.2d 1466, 1479 (6th Cir. 1991) (holding that a bill of particulars does not cure deficiencies in an indictment).

occurred on exactly the same dates as the substantive robbery offenses alleged in Counts 3, 5, 7 and 9.  Accordingly, a common-sense reading of the indictment reveals that Marxen was charged with using a firearm during and in relation to the robberies described in the counts immediately preceding them.  The mis-citation was merely a typographical error, which did not constitute a gap in the essential elements of the crime; and therefore, a dismissal of the indictment is not warranted.  *See Lucas v. O'Dea*, 179 F.3d 412, 417 (6th Cir. 1999) (amendments to an indictment will be allowed to stand if they do not change an essential or material element of the indictment so as to cause prejudice to the defendant).  The Second Superceding Indictment is, therefore, legally sufficient.[4]

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is DENIED.

cc:     Counsel of Record

---

[4] Because this is a legal determination, the Court has also said that it would be impermissible for Defendant to argue insufficiency of the Indictment during closing argument.

5